UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FELIPE HERNANDEZ,

        Petitioner,                        Crim. No. 95-cr-80272
                                                       Civ. No. 16-cv-13355
vs.                                                      Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

        Respondent.
_____/

ORDER DENYING PETITIONER'S § 2255 MOTION
TO VACATE, SET ASIDE OR CORRECT SENTENCE

                At a session of said Court, held in
               the U.S. Courthouse, Detroit, Michigan
                on January 13, 2017

                PRESENT:  Honorable Gerald E. Rosen
                                  United States District Judge

        This matter is presently before the Court on the Motion filed *pro se* by Petitioner Felipe Hernandez pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence. The Government has responded to the motion.

        Felipe Hernandez and three of his co-defendants, were tried before a jury in August-September 1998 and convicted on charges of conspiracy to possess cocaine with intent to distribute; murder-for-hire; aiding and abetting an intentional killing; and aiding and abetting a firearms murder in relation to a drug trafficking crime. Hernandez was additionally convicted on a witness tampering charge. On May 20, 1999, Hernandez was

sentenced to four concurrent terms of life imprisonment on the first four crimes and a concurrent term of 120 months for witness tampering.  Hernandez thereafter appealed to the Sixth Circuit Court of Appeals, and on October 9, 2002, the Sixth Circuit affirmed the convictions and sentences.  Hernandez did not petition the Supreme Court for a writ of certiorari.

Section 2255 provides for a one-year limitations period which runs from the latest of:

> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and mad retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

For purposes of subsection (f)(1), "a conviction becomes final at the conclusion of direct review." *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). Where a defendant appeals to the Court of Appeals, but does not seek review by the Supreme Court, as was the case here, the judgment of conviction becomes final for § 2255 purposes upon the expiration of the 90-day period in which the defendant could have

petitioned for certiorari to the Supreme Court, even when no certiorari petition is filed. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) (citing *Clay v. United States*, 537 U.S. 522, 532 (2003)). Hernandez's conviction, therefore, became final 90-days after the Sixth Circuit decided his appeal, i.e., on January 6, 2003. Accordingly, Hernandez had until January 6, 2004 to file a § 2255 motion. However, he did not file his motion until September 15, 2016. The motion is, therefore, untimely under § 2255(f)(1).

To the extent Hernandez relies on § 2255(f)(2) or (f)(4), he has made no allegation that any illegal action raised by the Government prevented him from making the timely petition or the existence of facts affecting his case that could not have previously been discovered through due diligence. That leaves only subsection (f)(3). To the extent Petitioner relies on subsection (f)(3), the Court notes that triggering the renewed window contained in that provision requires that the requested relief be based on: (1) A right newly recognized by the Supreme Court and (2) made retroactively applicable by that same Court. 28 U.S.C. § 2255(f)(3).

Though Hernandez purports to rely on cases involving the "residual" clause of the Armed Career Criminal Act (the "ACCA"), these cases do not affect Hernandez because he was not convicted under the ACCA, and those of his prior sentences that fell within the "residual" clause were not used to enhance his sentence.

For the foregoing reasons, the Court concludes that Petitioner Hernandez's motion

is time-barred under 28 U.S.C. § 2255(f).

Section 2255(f)'s statute of limitations, however, is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.2d 101, 107 (6th Cir. 2001). Used sparingly, a petitioner bears the burden of establishing that equitable tolling applies to his case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hall v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("absent compelling equitable considerations, a court should not extend limitations by even a single day.").

After review of Petitioner Hernandez's § 2255 motion, the Court concludes that Petitioner has failed to put forth a single extraordinary circumstance justifying the failure to submit his collateral challenge within the window permitted by § 2255. *Compare Stovall v. United States*, 2013 WL 392467, at *3 (E.D. Tenn. January 31, 2013) (rejecting request for equitable tolling of subsection (f)(1) in absence of evidence illustrating a diligent pursuit of the rights asserted) with *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (granting request for equitable tolling where the petitioner pled facts indicating he had been separated from his legal materials for an extended period of time due to multiple detention transfers and an illness).

Therefore, the Court concludes that this action is barred by the statute of limitations. Accordingly, for this reason, the § 2255 motion will be denied, and this action will be dismissed.

*＊ ＊ ＊*

Before Petitioner Hernandez may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484. If the motion was denied on procedural grounds, both showings must be made before a certificate of appealability should issue and the matter be heard on appeal. *Id*. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the [motion] or that the [movant] should be allowed to proceed further." *Id*. In such a case, no appeal is warranted. *Id*.

The Court is satisfied in the instant case that no jurists of reason could find its

5

ruling to be debatable.  A certificate of appealability, therefore, will be denied.  Leave to appeal *in forma pauperis* will also be denied because no appeal could be taken in good faith.

## CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Petitioner's § 2255 Motion **[Dkt. # 815]** is DENIED and Petitioner's "Motion to Notify Court of Government's Failure to Deny Averred Claims **[Dkt. # 821]** is denied as MOOT.  Accordingly, Civil Action No. 16-13355 is DISMISSED in its entirety, with prejudice.

IT IS FURTHER ORDERED that a Certificate of Appealability and leave to proceed on appeal *in forma pauperis* is DENIED.

                                        s/Gerald E. Rosen
                                        United States District Judge

Dated:  January 13, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 13, 2017, by electronic and/or ordinary mail.

                                        s/Julie Owens
                                        Case Manager, (313) 234-5135